IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **IPSCO STEEL (ALABAMA) INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 01-0730-CG-C |
| | ) |
| **KVAERNER U.S. INC., et al.,** | ) |
| | ) |
| **Defendants.** | |

## ORDER

This cause is before the court on the motion of defendant, Kvaerner U.S. Inc., to clarify, reconsider or certify for interlocutory appeal this court's order of May 25, 2005, (Doc. 523) and the response thereto of IPSCO Steel (Alabama) Inc. (Doc. 526). The court is not persuaded that the May 25, 2005, order denying summary judgment (Doc. 516) should be clarified or reconsidered or that interlocutory appeal is justified.   Therefore, defendant's motion is due to be denied.

Kvaerner objects to the order of May 25, 2005, asserting that "[a]s written, this ruling appears to go beyond a simple denial of Kvaerner's motion for summary judgment, and sua sponte grants judgment in favor of IPSCO Alabama on Kvaerner's non-licensure defense." (Doc. 523, p 1).  This court disagrees.  The only action granted by the May 25, 2005 order is a denial of Kvaerner's summary judgment motion.  It does not per se deny defendant the right to use a particular defense. Nonetheless, the court stands by the rational contained in the May 25, 2005 order.[1]    Whether defendant will be allowed to present such issues to the jury is not before the court at this time.  The

---

[1] Unless persuaded otherwise by additional evidence or legal argument, the courts  rulings at trial on any motion to exclude or admit evidence shall be consistent with the findings expressed in the May 25, 2005 order.

1

court is not persuaded that the order of May 25, 2005, is due to be clarified or reconsidered.

As to the certification of the order for interlocutory appeal under 28 U.S.C. § 1292(b), the court finds that "substantial ground for difference of opinion" does not exist. As this court stated in a previous order denying Kvaerner's motion to certify specific questions to the Alabama Supreme Court:

> the court finds that substantial doubt does <u>not</u> exist as to whether IPSCO was required to be licensed. The statute clearly states that only persons who engage in construction "for a fixed price, commission, fee, or wage" "shall be deemed and held to have engaged in the business of general contracting in the State of Alabama." ALA. CODE § 34-8-1(a). IPSCO Alabama was not paid to construct the mill for another entity and therefore is not deemed to have engaged in the business of general contracting. IPSCO owned the steel mill and did not pay itself for performing general contracting work. Although the parties have not produced caselaw directly on point, the court finds that under the facts of this case, the licensing statute clearly does not apply to IPSCO. Section 34-8-1 did not require IPSCO to be licensed.

(Doc. 517, p. 4-5). Kvaerner's motion does not persuade the court otherwise

## **CONCLUSION**

For the reasons stated, the motion of Kvaerner U.S. Inc. to clarify, reconsider or certify for interlocutory appeal (Doc. 523) is **DENIED**.

**DONE** and **ORDERED** this 20th day of June, 2005.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE